NICHOLAS GANGI, an Infant, by GUISEPPE GANGI, His Guardian ad Litem, Respondent, *v.* JACOB FRADUS, Appellant.

First Department, December 31, 1917.

**Negligence — injury to infant by truck — failure to show freedom from contributory negligence.**

Action to recover for injuries to an infant whose foot was crushed by the defendant's truck. The plaintiff, who was nine years old at time of trial, was not sworn in his own behalf, the only witness for him being a companion two years his senior. Evidence examined, and *held*, that a judgment for the plaintiff should be reversed for his failure to show freedom from contributory negligence.

SCOTT and PAGE, JJ., dissented.

APPEAL by the defendant, Jacob Fradus, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 26th day of April, 1917, upon the verdict of a jury for $8,500, and also from an order entered in said clerk's office on the 27th day of April, 1917, denying defendant's motion for a new trial made upon the minutes.

*Walter L. Glenney* of counsel [*Bertrand L. Pettigrew*, attorney], for the appellant.

*Thomas J. O' Neill* of counsel [*Leonard F. Fish* with him on the brief], for the respondent.

SMITH, J.:

This case has been three times tried, the first two trials resulting in a disagreement. The claim of the plaintiff's

First Department, December, 1917.       [Vol. 180.

attorney is that the plaintiff, a boy within two months of eight years of age, was sitting upon the curb with his feet in the gutter on a paved street — West Thirty-fifth street; that a large truck owned by the defendant came along and ran over his right foot, or part of it, which injured his foot badly, requiring that the toes, excepting the big toe, be cut off, and the foot to be otherwise maimed. The defendant's theory of the case is that a number of boys were playing tag and that this plaintiff ran out from the curb in his game and slipped, his feet going under the truck, which was going along normally at a proper distance from the curb.

This is a most singular case, in that the plaintiff was not himself put upon the stand at all. The plaintiff was a boy nine years old at the time of the trial. There is only one witness for the plaintiff who saw the accident from nearby, as shown by the plaintiff, and that is a young boy who is but two years his senior. He says that the plaintiff was sitting there and the truck came along and ran over his foot. Everybody is agreed, however, that the boy was facing in the direction from which the truck came; otherwise, it could not have crushed the right side of his foot while the boy was sitting upon the curb. If he had put his foot up on the curb he could have avoided the accident. Therefore, at least without his evidence, the judgment cannot be sustained for lack of proof that the plaintiff was free from contributory negligence.

The judgment and order should, therefore, be reversed and a new trial granted, with costs to appellant to abide event. The finding that the plaintiff was free from contributory negligence is reversed.

CLARKE, P. J., and SHEARN, J., concurred; SCOTT and PAGE, JJ., dissented.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.